UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Guillermo Sanchez Salazar
    Movant                                  July 12, 2011
    V.
UNITED STATES OF AMERICA
    Respondent                   Case No. 10-21379-CIV-Cooke/White
                                          Criminal Case: 06-20226-CR-Cooke

## MOTION TO RECONSIDERATION

COMES NOW, Petitioner Guillermo Sanchez files this motion to reconsideration, Pro se, because this court denied his motion to vacate sentence
    The Petitioner states the following:

1.- The magistrate's report is a copy of the prosecutor's reply brief, and none of both answered about my collateralissues in consideration of International Law and violation of the Internationel Agreement between United States and Panama, support and assistance from the U.S. Coast Guard for the National Maritime Service of the Ministry of Government and Justice. presented in the exhibit 2 of the motion.

2.- The Prosecutor and Magistrate no mentioned about this agreement, which is clear and simple, and in his Article 10 stated the operations in <u>International Waters</u>

- 1 -

The Prosecutor and Magistrate did not mentioned about it, because the Agreement was violated in his totality, and during the trial nobody mentioned this International Agreement, but the lawyer tolk abut the Panamanian authorization only.

The article 10 dictates procedures, See the point 1, the requests will be made trough designated offices and designated people as article 17,7 of Convention 88 dictates, in this agreement that is named liason Office and Liason Offcials designated previoly by the request.

As can be noticed, it isn't whatever office nor whatever person, it must be an office where the register are held of all of the ships, to be able to verify if it is Panamanian or not.

In this case it would be the <u>National Maritime Service</u>

The point 2 stated the application must be completed with all these requirements. It stands out here that if the request is carried out verbally, the Party that solicits the request must comfirm it by writing as sonn as possible. This makes sense so that everything is in writing and can be proven legally in whatever moment that which was soliced and that which was granted.

Point 3.- The solicited country would be able
a) decide to conduct the boarding and search with its own law enforcement officials,
b) authorize the boarding and search by the law enforcement officials of the requesting Party;
c) decide to conduct the boarding and search together with the requesting Party; or
d) deny permission to board and search.

Accordin with the transcript of the date November 13, 2006 when said authorization of Panama was spoken, the Government accepted that they had it in their power and that they would present it in the court, together with an authorization from the Department of State signed by Conndolezza Rice.

But during the trial it was never presented and at the end, when they turned to question, they only gave evasive excuses and present nothing about of Panamanian authorization. See transcript of the date March 07, 2007.

These permis are handled trough the Liason Affices, from the agreement between United States with Panama the Article XII stated "Liason Office.- Each Party shall identify to the other Party the Liaison Office and Liaison Officials responsible for communicating with its national authorities competent to receive and act on notifications under articles III-IV-VI-VII-XIV and XVI, for procesing requests ubder article X for verification of registration and the right to fly its flag and authority to board, search and detain suspect vessels and for instructions as to excercise of jurisdiction under article XI, in addition to any other communica-

tion necessary for the implementation of this supplementary arrangement".

That is to say that none of the procedures were completed.

It is not Know if the United States made the Request.

It is not known if Panama denied the permit.

It is not known who authorized, nor when, nor how, nor where.

that is to say if no boarding permit exists in writing, where it clearly says that it was authorized we can asume that from this point forwar the whole process is bad...

The others points that if the other Party does not answer in two (2) hours, the requesting Party will be deemed to have been authorized to board the suspect vessel for the purpose of inspecting the vessel, having a Liason Office that was created solely to receive said requests and to answer them opportunately, gives the impression that the Government of the United States never requested said authorization.

It has been requested, that counsel Cariglio Genaro authorize the investicator Gerry Navarro so that a aworn declaration of the investigations carried out in Panama, since the lawyer Cariglio failed in petitioning the court that they would use his testimony to clarify this matter during the trial. This petition was carried out in April 02, 2010. The Petitioner sent copies to the court clerk, U.S. attorneys, we are waiting for his affidavit only this honorable court answered and it was not accepted for the reason noted. See exhibit 9. <u>Mitchell v. Wyrik</u>, (1983, CA8MO) 698 F 2d 940, cert den (1983) 462. U.S. 1135, 77L ed 2d 1373, 103 Sct

3120. See exhibit 9 of the Motion 2255. Mr Gerry Navarro with 3 lawyers and the secretary talked to the **ONLY PERSON IN PANAMA WHO CAN SIGN SUCH AUTHORIZATIO "ADMIRAL RICARDO TRAAD PORRAS"** that he never authorized the boarding of the M/V Dan Viking. **This is a contundent proof of the United States never request it.**

3.- The petitioner showed and presented in his reply and addendum in response to the Government opposition on motion to vacate sentence that the designated person **Traad Porras** was involucred in the scandal of corruption, drug traffic and money laundry, see exhibit 20 of the motion 2255.

4.- In this moment is necesary to mention, if the authorization from Panama to boarding the vessel Dan Viking no exist, <u>all is wrong</u>. if the Magistrate don want undesrtand, or the prosecutor dont want understand or evading intentionaly to trate this matter, this court should ' not follow his game. If the Court do not have the capacity to ruler about this matter, this Court should make a recomendation to an International Court to take the case and decide without pressions, prejudices or partialism.

5.- One more time the petitioner remember to the Court, that the Honduras News stated that the chief of intelligence of Honduras Jose Adan Martinez Avila, just as Director of Fightting against drugg trafficking Julian Aristides Gonzalez and the Inspector Miguel Martinez Madrid stated th the news papers that it was a joint

operation with the United States and the ship was expected a week oin advance, the ship carried the drugs from Colombia and that it would be transfered to Two (2) speed boats at Atlantic Coast. See exhibit 08 of the motion 2255. In other words, the authorities from United States and Honduras Knowed who are the owners of the drug, who buy the Drug, who transport the drug, who are the person incharged to arrange all the Drug Traffiking operation, **Jimmy Solis** of course, and know who will recive the awards and benefits.

6.- The Petitioner request a investigator, because his lawyer did not want to investigate all this new evidence, but the Court denyed the Petitioner request.
Why the Court dont want to know the truth ?
The Court and Gobernment and the appointed lawyer are tratting to hide the entrapment ?

7.- Movant's second ineffective assistance claim that his trial counsel failed to onject to the PSR to avoid an unwarranted sentence disparity; if it was not raised on direct appeal, it is not a movant's failure, it is a cousel's failure and of course this meet cause and prejudice, because due this failure the movant received 292 months of sentence, the more long of those the co-defendants.

8.- The chief engineer Tarini from the United States Coast Guard as government's witness in direct examination stated: See exhibit 18 from the motion 2255.

about the responsibilities of a chief engineer as Victor Lituma
and how the Chief engineer Victor Lituma transfered the fluids
from the ballast tanks. but when Chief Tarini requested for the
Sounding pipe from the Fore peak Tank, the Chief Engineer Victor
Lituma was not able to do, because he know that the drug was hid
in the fore peak tank.

Victor Lituma testified that he got the job aboard the Dan Viking
through a man named Jimmy Solis, with whom he had previously
worked on another boat (id. at 16-18).

Lituma was recruited in mid-November, 2005 (id at 18-19).

Lituma admitted lying to the FBI when he gave his initial statement.

Lituma admitted pleading guilty to his involvement in the offenses
and had already received a 128 month sentence (id. at 75-77). In
exchange for his cooperation with the Government, he was hoping
that his sentence would be reduced (Id. at 77).

On cross-examination, Lituma openly acknowledge that he had no
desire to serve the 10-year mandatory sentence but, despite
h.aving already lied to the FBI to "suit his purposes". claimed
he would no lie to bet his sentence reduced (Id. at 91-92).

9.- The chief Engineer Victor Lituma qualify with huge merits
to enhancement of 2d1.1(b)(2)(B) for his role as Operation Officer.
in same maner qualify to enhancement under 3(B)1.1 for special
skill; in samer he qualify to enhancement under 3B1.1 for a
defendant's role as organizer, manager, **supervisor,** in same maner

qualify to enhancement under 3C1.1 for Obstruction of justice. Chief Engineer Litumas doesn't qualify for the Safety Valve, for his relevant role in the Offense, only have reduction of 3 levels for acceptation of responsability his level must be 360 to live, but he received a sentence of 128 months.

10.- The Petitioner's lawyer in his objections to the presentence Investigation Report and Sentencing Memorandum make comparations with the Captain who received a sentence of 210 months, and the lawyer forgot of the Chief Engineer who received a sentence of 128 months.

11.- Petitioner's third and fourth claims, in wich, he request relief based upon his attempt to cooperate with the government, held the government, held the government in his oposition, that is not cognizable this issue under section 2255; however, the petitioner whitin of this issue also claimed, that in this case exist an entrapment, which is constitutional and implicate a "Fundamental defect which inherently results in a complete miscarriage of justice" Rompilla v. Berad, 125 S. Ct 2456, 126 L.Ed. 2d 360 (2005), Lastly, the movant submits that an evidentiary hearing is warrante, in United States v. Celio, (NO 09-1501)(10th Cir. July 16, 2010) wherei an inmate, as Pro-se litigant, was not adequately advise by district court as to basis requirements of Fed. R. Civ. P. 8 for stating claim in federal court, dismissal with prejudice of fourth amend 28 U.S.C.S. § 2255 motion was reversed and

remanded for district court to provide inmate with further guidance regarding from of his motion.

12.- During my time in prison, I saw that the others Judges in the same district sended to the inmates a memorandum explained them clerly, Poit by Point the reazons for wich was deny, in may case I received a simple sheet denying and evading the responsability behind of erroneous and parcialized Magistrate's Report.

I have the impretion of the Court did not read the motion, nor investigate about the issues submited.

13.- The petitioner request respectfully, that this Court respond him detailedly with cases about the International Law and National Law.


Respectfulls submitted,

/s/ Guillermo Sanchez

Guillermo Sanchez Salazar
Petitioner - Pro se

# CERTIFICATE OF SERVICE

I, Guillermo Sanchez Salazar, hereby certify that I have served a true and correct copy of the following:

MOTION TO RECONSIDERATION

which is deemed filed at the time it was delivered to prison authorities for forwarding,*Houston v. Lack, 487 U.S. 266 (1988), upon the (plaintiff/defendant) (petitioner/respondent) (appellant/appellee) and/or its attorney(s) of record by placing same in a sealed first-class postage prepaid envelope addressed to:

| U.S. District Court Southern District of Florida 400 N Miami Ave.R8N09 Miami, FL 33128-7716 | U.S. Attorney Fed. Justice Bldg. 99 N.E. Fourth St. Miami, FL 33132 | Republica del Ecuador Consulado en Houston 4200 Wsthelmer Rd.St. 218 Houston, TX 77027 |

and deposited into this institution internal mail system located at FCI BIG SPRING, 1900 Simler Avenue, Big Spring, Texas 79720, on this 12 th day of July ,20 11.

_____
Guillermo Sanchez Salazar
Petitioner/Movant/Pro-se

*Pursuant to Fed.R.App.P25(a)(2)(c), "A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system on or before the last day for filing."